UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

WALTER L. SUMMERS, JR.,

    Petitioner,

Case No. 4:02-CV-26

Hon. Gordon J. Quist

vs.

MARY BERGHUIS,

    Respondent.
_____/

**ORDER**

This matter is now before the court on "Petitioner's motion to revisit for [sic] motion of appointment of counsel" (docket no. 60). Petitioner filed this habeas action in 2002. The suit was stayed on November 19, 2004, to give petitioner the opportunity to exhaust claims in the state court and file an amended habeas petition. The order required petitioner to file a motion to amend his petition setting forth his exhausted claims no later than 30 days after a final decision of the Michigan Supreme Court. The record reflects that petitioner took steps to exhaust his claim in the state courts and that the Michigan Supreme Court denied his application for leave to appeal on March 26, 2007. *See* docket nos. 55, 58. The record further reflects that petitioner was paroled on March 6, 2007. *See* docket no. 57. He received an extension to file the motion to amend until May 25, 2007, but failed to file the motion on that date. Now, petitioner seeks the appointment of an attorney.

Indigent habeas petitioners have no constitutional right to a court-appointed attorney. *Johnson v. Avery*, 393 U.S. 483 (1969); *Barker v. Ohio*, 330 F.2d 594 (6th Cir. 1964). The appointment of counsel in a civil case, where the plaintiff is proceeding *in forma pauperis*, is a matter of the court's discretion, and considered a privilege, not a right. *See Glover v. Johnson*, 75 F.3d 264, 268 (6th Cir. 1996); *Childs v. Pellegrin*, 822 F.2d 1382, 1384 (6th Cir. 1987).

2

Appointment of counsel is justified only by exceptional circumstances. *Lavado v. Keohane*, 992 F.2d 601, 605-06 (6th Cir. 1993). In determining whether exceptional circumstances exist, the court should consider the type of case, the plaintiff's ability to represent himself, and the complexity of the factual and legal issues involved. *Id.* Exceptional circumstances do not exist in the present case to justify the appointment of counsel. In fact, there is no evidence that petitioner is unable to afford an attorney since he is no longer incarcerated. The factual and legal issues involved in this case are no more complex than a typical habeas corpus case. Petitioner has demonstrated the ability to represent himself in this suit and other federal litigation. *See, e.g., Summers v. Caruso, et al*, No. 4:04-cv-128 (W.D. Mich.).

Accordingly, petitioner's motion (docket no. 60) is **DENIED**.

**IT IS SO ORDERED.**

Dated:  November 28, 2007                                /s/ Hugh W. Brenneman, Jr.
                                                        HUGH W. BRENNEMAN, JR.
                                                        United States Magistrate Judge